# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO CONSULTING ACTUARIES, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 1320 |
| SEAN SCROL and VALTRINSIC LLC, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sean Scrol's ("Scrol") and Defendant Valtrinsic, LLC's ("Valtrinsic") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") and Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)"). For the reasons stated below, we grant Defendants' motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Chicago Consulting Actuaries L.L.C. ("CCA") is an actuarial firm that offers consulting services associated with executive compensation. In the last two years, CCA has expanded its consulting services to include a stock option

1

valuation practice. CCA's stock option valuation process is directed at the valuation of stock options included in executive compensation.

Scrol joined CCA in 1996 and became a CCA principal in January of 2002. CCA claims that while Scrol was a CCA principal, Scrol headed CCA's stock option valuation practice. CCA alleges that at the time Scrol was heading CCA's stock option valuation practice, Scrol simultaneously created and operated a rival stock operation firm named Valtrinsic. CCA argues that Scrol breached his fiduciary duty to CCA and violated the terms of the CCA Amended and Restated Operating Agreement by operating Valtrinsic. CCA also alleges that Scrol and an employee of Valtrinsic named Jennifer Graham ("Graham") made certain misrepresentations about CCA to CCA clients, prospective clients, and business partners across the country in order to promote Valtrinsic. CCA contends that Scrol resigned from CCA in late December of 2004 and is continuing to operate Valtrinsic.

In CCA's complaint, CCA seeks a preliminary and permanent injunction to prevent Defendants from continuing to make false statements about CCA and to stop Scrol from violating his contractual and fiduciary duties. CCA's complaint includes a Lanham Act, 15 U.S.C. § 1121, *et seq*. claim (Count I), a breach of contract claim (Count II), a breach of fiduciary duty claim (Count III), an Illinois Trade Secrets Act, 765 ILCS § 1065/1, *et seq*. claim (Count IV), an intentional interference with prospective business advantage claim (Count V), and an unjust enrichment claim (Count VI).

2

## LEGAL STANDARDS

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v.*

*Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter

jurisdiction exists." *Ezekiel*, 66 F.3d at 897(quoting *Capital Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

### I. Lanham Act Claim

Defendants contend that CCA's Lanham Act claim should be dismissed pursuant to Rule 12(b)(6). CCA argues that it has "properly pled" a 15 U.S.C. § 1125(a) ("Section 43(a)") Lanham Act claim and that Defendants' motion should be denied. (Pl.'s Opp'n 1).

Defendants maintain that CCA has failed to state a claim because Defendants' alleged misrepresentations about CCA were not made in the context of "commercial advertising or promotion" as is required under Section 43(a). 15 U.S.C. § 1125(a). Section 43(a)(1) provides that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A)(B). For a Section 43(a) claim alleging false or misleading statements, the court must determine whether the false or misleading statements were disseminated in a manner that such statements "could be called 'commercial advertising or promotion,' an essential ingredient of any claim under § 43(a)(1)(B)." *First Health Group Corp. v. BCE Emergis Corp*, 269 F.3d 800, 803 (7th Cir. 2002). Since all advertising is not necessarily commercial advertising, it is "necessary" for purposes of Section 43(a) for a court to consider whether the manner by which the defendant advertised "entailed promotional material disseminated to anonymous recipients." *See id.* at 803-04(stating that "[a]dvertising is a form of promotion to anonymous recipients, as distinguished from face-to-face communication."). Similarly, since all promotion is not necessarily commercial in nature, a court must also consider, for purposes of Section 43(a), the manner and degree of dissemination of the promotion by the defendant. *See First Health,* 269 F.3d at 803(stating that "[Plaintiffs'] lawyers were engaged in persuasion when they filed their briefs and presented oral arguments to this court, but they were not engaged in 'commercial advertising or promotion' in any useful sense of that phrase.").

### A. Scrol's Misrepresentations

CCA alleges that Scrol promoted Valtrinsic by making misrepresentations about CCA's stock option value services. (Compl. ¶ 34). However, CCA has failed to allege that stock option value services, like the one Scrol allegedly promoted, can be commercially promoted. Instead, CCA argues that stock option value services are only "generally promoted" usually through "face-to-face meetings and personal sales calls." (Pl.'s Opp'n 11). CCA also explains in its opposition to Defendants' motion to dismiss that it "does not claim that Scrol's misrepresentations occurred in an announcement to anonymous recipients." (Pl.'s Opp'n 9). Instead, CCA's complaint alleges that Scrol only made misrepresentations about CCA's services to CCA clients, prospective clients, and business partners. (Compl. ¶ 34). The manner in which CCA alleges Scrol made misrepresentations about CCA does not involve dissemination to the degree that such misrepresentations could have been considered commercially promoted. Accordingly, it is clear by CCA's own allegations, that Scrol's promotion of Valtrinsic did not amount to commercial promotion under Section 43(a). 15 U.S.C. § 1125(a).

### B. Scrol and Graham's Misrepresentations

CCA also argues that, on two separate occasions, Graham and Scrol each commercially promoted Valtrinsic by making misrepresentations about CCA. (Compl. ¶'s 34,35). On one occasion, Graham, acting on behalf of Valtrinsic,

7

allegedly contacted a government agency and misrepresented that she was affiliated with CCA in order to obtain information about a CCA client. (Compl. ¶ 35). On the other occasion, Scrol allegedly met with and made misrepresentations about CCA's stock option valuation practice to a CCA business partner. (Compl. ¶'s 34, 39). In *First Health*, the court stated that a "person-to-person pitch by an account executive" is not advertising. *First Health*, 269 F.3d at 803. Similarly, it is clear that the two isolated "person-to-person" promotional encounters that allegedly occurred here would not amount to the commercial promotion of Valtrinsic "in any useful sense of that phrase." *Id.*

Even if we were to construe CCA's allegations in the light most favorable to CCA and consider that Defendants' misrepresentations about CCA were made in order to promote Valtrinsic, such promotion would not be considered commercial promotion under Section 43(a). Therefore, we grant Defendants' motion to dismiss the Section 43(a) claim (Count I).

## II. Supplemental State Claims

CCA's remaining claims are all state law claims brought pursuant to 28 U.S.C. § 1367. (Compl. ¶ 7). Defendants maintain that the court should relinquish its supplemental jurisdiction over CCA's remaining state law claims and dismiss such claims pursuant to Rule 12(b)(1). Where a court has dismissed a federal claim and the sole basis for invoking federal jurisdiction is now "nonexistent", that court

8

should not exercise supplemental jurisdiction over "remaining state law claims". *See Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 300 (7th Cir. 2003)(citing *Wright v. Associated Ins. Cos. Inc,* 29 F.3d 1244, 1251 (7th Cir. 1994)(stating that "[t]he general rule is that once all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolv[e] them on the merits."). CCA's Section 43(a) claim, the sole basis for federal jurisdiction in this action, has been dismissed. Accordingly, we decline to exercise supplemental jurisdiction over CCA's remaining state claims and dismiss such claims without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 6, 2005

9